OLDEN *et al., Appellants*, v. HENDRICK *et al.*

1. **Estoppel:** PURCHASE OF LAND IN NAME OF ANOTHER. Where a father in embarrassed circumstances purchases land at a sale under a judgment against him and takes a deed in the name of his son with the understanding that the latter shall ·hold the title for his benefit, and, on the faith of such understanding, builds on the land, plats it and sells many of the lots, the widow and heirs of the son, after twenty-five years of non-claim, are estopped to· assert title to the land as against the father's grantees, though the latter have made no improvements on the land and though the deed to the son was duly recorded.

2. ———: EVIDENCE. The understanding between the father and son may be shown by the circumstances and course of conduct between them.

3. ———: TITLE OF RECORD. While mere standing by in silence will not preclude one from asserting a title which has been spread upon the public records, yet the fact that the title is of record is no justification for an act which misleads the other party.

4. ———: PLEADING. The defense of estoppel in this case *held* sufficiently pleaded.

*Appeal from Greene Circuit Court.* — Hon. W. D. HUBBARD, Judge.

AFFIRMED.

*Boyd & Delaney* for appellants.

(1) The evidence of Price tending to show that L. Hendrick furnished the purchase money is all hearsay and should have been excluded. (2) To create a resulting trust in any case the evidence of payment of the purchase money by the person seeking to declare the trust must be so clear and full as to remove all doubt from the mind of the chancellor. There is no such evidence in this case. *Johnson v. Quarles*, 46 Mo. 423; *Ringo v. Richardson*, 53 Mo. 385; *Kennedy v. Kennedy*, 57 Mo. 73; *Berry v. Hartzell*, 91 Mo. 132; *Philpot v. Penn*, 91 Mo. 38; *Jackson v. Wood*, 88 Mo. 76; *Rogers v. Rogers*, 87 Mo. 257. (3) Even if the proof is conclusive that L. Hendrick advanced the purchase money, no trust arises. The money was advanced by the father and the title taken in the name of the son. The presumption of law, therefore, is that it was an advancement to the son. *McKinney v. Hensley*, 74 Mo. 326; *State ex rel. v. True*, 20 Mo. App. 176; *Darrier v. Darrier*, 58 Mo. 222. Or, if L. Hendrick placed the title in the name of the son to defeat the claims of others, as between father and son, no trust arises. *Higgins v. Higgins*, 55 Mo. 346. So, as between L. Hendrick and his son, Wm. R. Hendrick, the legal and equitable title vested in the latter. Therefore, refused instruction number 2 should have been given. (4) The

title of Wm. R. Hendrick appearing thus of record, it could only be divested by estoppel, or by operation of the statute of limitations. (5) Estoppel is not well pleaded. The acts upon which the estoppel is based are not pleaded. *Miller v. Anderson*, 19 Mo. App. 71. Besides the facts if well pleaded do not constitute an estoppel. There was no possession taken of the land by Norris and no improvements made thereon. 3 Wash. Real Prop., pp. 460, 461; *Fletcher v. Holmes*, 25 Ind. 469; *Wood v. Griffin*, 46 N. H. 237; *Gove v. White*, 20 Wis. 430. These cases and the principles therein declared were approved in *Bales v. Perry*, 51 Mo. 449; *Burke v. Adams*, 80 Mo. 504; *Mayo v. Cartwright*, 30 Ark. 407; *Neal v. Gregory*, 19 Fla. 356; *Mason v. Philbrook*, 70 Me. 57; *Sulphine v. Dunbar*, 55 Miss. 232; *Rice v. Dewey*, 54 Barb. 455; *Knouffman v. Thompson*, 16 Pa. St. 357; *Kingman v. Graham*, 51 Wis. 232, which declare "that where the party's rights in property sufficiently appear of record mere silence upon his part is no violation of duty, and he is not estopped to assert his rights against others dealing with the property as another's.

*F. S. Heffernan* for respondents.

(1) Where a man who has a title to lands and knows it stands by, and does not forbid the purchase, he and all claiming under him shall be bound by such purchase. Bigelow on Estoppel, 501; *Fayville v. Roberts*, 50 N. Y. 222; *Demyer v. Souzer*, 6 Wend. 436; *Niven v. Belknap*, 2 Johns. 573; 6 Wait's A. & D. 682, 705; *Landrum v. Bank*, 63 Mo. 48; *Collins v. Rogers*, 63 Mo. 515; *Evans v. Snyder*, 64 Mo. 516; *Kelley v. Hurt*, 74 Mo. 561–3; *Morgan v. Railroad*, 96 U. S. 743; *Dickerson v. Colgrove*, 100 U. S. 618; *Kirk v. Hamilton*, 102 U. S. 68; *Day v. Caton*, 119 Mass. 513; 20 Am. Rep. 347. (2) The service is not sufficient. *Hewill v. Weatherby*, 57 Mo. 276; *Smith v. Rollins*, 25 Mo. 410.

By the conduct of Wm. R. Hendrick in his lifetime, he would have been estopped by his conduct from claiming any interest, consequently his widow and his children are. Bigelow on Estop. (1872), page 480. Deed, not acknowledged in open court, cannot be read in evidence to show title, but only to show color of title, and limitation need not be pleaded. *Campbell v. Gas Co.*, 84 Mo. 354.

BLACK, J.—The plaintiff, Eliza C. Olden, is the widow of William R. Hendrick, and she and her present husband brought this suit against her children by her former marriage for the partition of lots 29 and 30 in Hendrick and Jones' addition to the city of Springfield. Fannie E. Holland and her husband George Holland were made defendants on their own motion. The controversy is between Holland and wife on the one hand and the other parties to the suit on the other.

The two lots are a part of eighty acres of land formerly owned by L. Hendrick who was the father of William R. Hendrick, the former husband of the plaintiff Eliza. The eighty-acre tract was sold under a judgment in favor of Greene county against L. Hendrick and others, and William R. Hendrick became the purchaser and received a sheriff's deed dated in December, 1850; this is the title of the widow and heirs of William R. Hendrick. In 1859, L. Hendrick, William R. Hendrick and N. T. Jones joined in making and filing a plat of Hendrick and Jones' addition, and the lots in question are a part of the property covered by the plat. In November of the same year, 1859, L. Hendrick by warranty deed and for a full consideration conveyed four lots to John Norris; and thereafter and in the same year Norris conveyed two of the lots to the defendant Fannie E. Holland; she and her husband claim under this title.

On the face of the deeds the title, it will be seen, is in the widow and heirs of William R. Hendrick. The controlling question in the case arises over the equitable estoppel set up in the answer of Holland and wife.

The evidence on this branch of the case is, in substance, this: The sheriff's deed to William was executed and recorded in 1850, and the consideration therein recited is three hundred and forty-five dollars. L. Hendrick, father of William and the judgment debtor, was financially embarrassed; but he borrowed three hundred and forty-five dollars and with the money bought in the land, taking the deed in the name of his son William. On this point some hearsay evidence was admitted, but excluding all such evidence it is still clear that the money was borrowed by L. Hendrick and by him used in paying for the property so purchased at the sheriff's sale.

The plaintiff being called as a witness by the defendants, Holland and wife, testified that she married William in 1864 and lived with him until his death in 1879. She says: "I never heard him speak of owning this land or of claiming it. The first I heard of it was in 1883 from Mr. Matlock, and then I had this suit brought. My boys put a wire fence around the lots."

A son of L. Hendrick, and a brother of William, says he knew of the sheriff's sale; that he is satisfied his father bought in the land, taking a deed in the name of William; that William was an invalid, living with the father and had no property, except a horse; that the land was sold at sheriff's sale because of trouble which his father had with the Miller heirs; that the sale of the lots to Norris was talked over in the family; that he believes William knew of the sale to Norris, as he was always at home, but he cannot be positive; that his father built upon and enclosed part of the eighty acres after the sheriff's sale, and the family lived on the place; that witness, his father and Norris went over the ground to look at the lots, but he cannot say whether William was along or not; that his father attended to the sale of lots and no one else claimed them; and that William joined in some of the deeds made to purchasers. William administered upon his father's estate in 1863, and

in his inventory he included the notes given by Norris for the lots and also all of the unsold lots as the property of his father.

The chief objection to the application of any principle of estoppel is, that the sheriff's deed to William was made matter of record in 1850, so that the public records disclosed his title, and hence he was not bound to take any active measures to prevent persons from purchasing from his father. Mere standing by in silence will not bar one from asserting a title to land which has been spread upon the public records, so long as no act is done to mislead the other party. Big. on Estoppel [5 Ed.] 594. But the very statement of the rule shows that the fact that the title is of record is no justification for an act which does mislead the other party. Where the owner concurs in the sale, by participating in it at the time, he makes it his own act. 2 Herman on Estoppel, sec. 964.

Representations made by one of two copartners that he intended to give the other his interest and would make no claim to the land, and which representations were made to be and were acted upon by a third person by the expenditure of money, will estop the person making the representations from thereafter asserting his title. *Dickerson v. Colgrove*, 100 U. S. 579. In the case last cited the court quotes from 28 Mich. 159 where, among other things, it is said: "There is no rule more necessary to enforce good faith than that which compels a person to abstain from asserting claims which he has induced others to suppose he would not rely on. The rule does not rest on the assumption that he has obtained any personal gain or advantage, but on the fact that he has induced others to act in such a manner that they will be seriously prejudiced if he is allowed to fail in carrying out what he has encouraged them to expect."

The evidence in this case shows to our entire satisfaction that the father, and not the son, paid for the

land at the sheriff's sale. It shows, too, that the son simply held the title for the use and benefit of the father. That such was the understanding between them and the other members of the family cannot be doubted. Such was the situation of affairs when Norris purchased, and such continued to be the situation of affairs from the sheriff's sale in 1850 to the death of the father in 1863, and on to the death of the son in 1879. The son said to the father: "You have purchased and paid for the land, and I hold the title in trust for you, and you can dispose of the lots as you see fit." The testimony does not in words show such an agreement, but the circumstances and course of conduct between these parties during the residue of their lives show that this was the understanding just as plainly as if it had been reduced to writing. On the faith of this agreement, the father built upon the land, laid it off into an addition, and sold many of the lots. Can the widow and heirs of the son now repudiate the agreement and recover the lots from the grantees of the father, and that, too, after twenty-five years of non-claim on their part and that of William? We say no.

The statute of limitations constitutes no defense, for though the defendants have paid taxes on the lots from 1859 to 1885, still the actual possession of L. Hendrix has not been continued since the sale to Norris. The long lapse of time with no claim of ownership by William or his widow and heirs is a circumstance to be considered with the question of estoppel. *Evans v. Snyder*, 64 Mo. 516; *Dickerson v. Colgrove, supra*.

It is true that the evidence in this case does not show that defendants have expended money on the property by way of improvements, but the other facts are strong enough to make out a complete estoppel without that element. It is to be remembered that the grantor of the defendant's grantor did lay out and expend money in improvements, and the clear inference

is that this was done on the faith of the understanding between father and son.

It is insisted further that estoppel is not well pleaded. Holland and wife became parties to this partition suit without objection on the part of the other parties, and their answer sets up the substantial facts disclosed by the evidence with the assertion that by reason of such facts Wm. R. Hendrick, his widow and heirs are estopped from claiming the lots. The answer is sufficient, and especially so in view of the fact that no objection was made to the pleading by demurrer or motion to make more definite and certain.

The judgment, which was for Holland and wife, is affirmed. The other judges concur.