## HELEN KOLOKAS v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Division One, November 27, 1909.

1. **APPEAL: Defective Abstract: Motion to Strike Out.** An assignment that the court erred in striking out defendant's plea that plaintiff cannot recover because she as well as her deceased husband were aliens, cannot be considered on appeal, if the abstract of the bill of exceptions does not show any call for the motion to strike out, and the bill shows no exception saved to the ruling thereon.

2. ———: ———: **Instructions.** If no exception was saved at the time to the giving of respondent's instructions, they will not be considered on appeal.

3. ———: ———: **Motion for New Trial: No Exception.** Although the motions for a new trial or in arrest are set out in the bill of exceptions, yet if it fails to show an exception saved to the action of the court in overruling them, nothing but the record proper will be considered on appeal. Nor will the fact that the record proper recites that an exception was saved to the overruling of each motion, avail appellant to have his exceptions considered, for the reason that the place for exceptions is in the bill of exceptions and not in the record proper.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*Elijah Robinson* for appellant.

*Wm. S. Gabriel* and *Conkling & Rea* for respondent.

LAMM, P. J.—James Kolokas, a citizen of Greece, an employee of defendant as a track laborer at Goffs in the State of Kansas, received injuries on July 24, 1904, of which he died in the ensuing September at defendant's hospital in St. Louis. Helen, his wife, also a citizen of Greece and residing there, brought suit in the Jackson Circuit Court for damages for his wrongful death. From a judgment in her favor for $5,500 defendant appeals.

The petition charges that Kolokas was a track laborer for defendant under the supervision of defendant's foreman; that among other duties he helped operate a handcar on defendant's track. After pleading certain duties due from defendant to Kolokas, the petition charges a negligent breach of them, whereby Kolokas, standing upon an east-bound handcar, with his back to the east, and having no knowledge of approaching danger, in rounding a curve came in sight of one of defendant's west-bound trains and in undertaking to escape from alleged impending peril was mortally hurt by jumping or falling from said handcar upon the track and being struck thereby. The elements of defendant's alleged negligence will sufficiently appear in the following excerpt:

"Plaintiff states that the death of said Jim Kolokas was the direct result of the carelessness and negligence of said railway company in failing to furnish him with a reasonably safe place in and upon which to work and to operate said handcar; was the direct result of its carelessness and negligence in failing to keep and maintain said tracks in a reasonably safe condition for the passage of said handcar; was the direct result of the carelessness and negligence of defendant, its foreman and vice-principal, before operating said handcar over said tracks and while so doing, in failing to use reasonable care to ascertain the presence of trains thereon and to avoid collision with the same; and was the direct result

of the carelessness and negligence of defendant, its foreman and vice-principal, when directing the operation of said handcar, in failing to give reasonably safe and careful orders and directions for such operation; all in the particulars and respects stated.''

Certain Kansas statutes are pleaded, viz.:

Sec. 4871. ''When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.''

Sec. 4872. ''That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section 422 of chapter 80, Laws of 1868, is or has been at the time of his death in any other state or territory, or when, being a resident of this State, no personal representative is or has been appointed, the action provided in said section 422 may be brought by the widow, or where there is no widow, by the next of kin of such deceased.''

The petition alleges that Helen is the widow of decedent, that decedent at the time of his death was a resident of Kansas and that no personal representative had ever been appointed.

The answer admits that Kolokas was a Greek laborer in defendant's employ and was injured in an accident on June 24, 1904, but denies responsibility for said accident. It then pleads: (1) contributory negligence; (2) that plaintiff cannot recover because she as well as her husband were aliens; (3) that if any cause of action accrued it was by virtue of the laws of Kansas; that one of said laws provided that suits

for damages on account of personal injury shall be instituted in the county where the injury occurred or in the county where the principal office or place of business of the railroad company is located, and that defendant's principal office or place of business is not located in Jackson county, Missouri; and (4) that a Kansas statute in force at the time of the accident ordains that every railroad company organized or doing business in that State shall be liable for all damages done to an employee in consequence of any negligence of its agents, or by reason of the mismanagement of the engineers or other employees, "to any person sustaining such damage, provided that notice in writing of the injury so sustained, stating the time and place thereof, shall have been given by or on behalf of the person injured to such railroad company within ninety days after the occurrence of the accident," and that no such notice was given.

Plaintiff filed a motion to strike out that part of the answer pleading that decedent and plaintiff were aliens. This motion was sustained.

In due time after verdict defendant filed motions for a new trial and in arrest. These motions are preserved in the bill of exceptions, but there is no exception appearing in the abstract as saved in the bill to overruling either of them. On that behalf the record shows as follows: Under the general caption of "Appellant's Abstract of Record" appears on page 10, among the record entries and in that part of the abstract devoted to record proper, an abstract of an entry overruling both motions and in that connection the following: "and to the action of the court in overruling each of said motions defendant excepted." Subsequently on page twelve of said abstract we find the following: "The proceedings on the trial of the case, *as shown by the bill of exceptions,* were as follows:" Immediately following that explanatory matter we find the following black letter caption: "Bill

of Exceptions." Following this appropriate heading indicating the commencement of the bill of exceptions, we find an amendment to the petition allowed over defendant's objection, an application for a continuance on account of such amendment overruled, plaintiff's evidence in chief, defendant's evidence, plaintiff's evidence in rebuttal, plaintiff's instructions, defendant's given instructions, defendant's refused instructions, defendant's modified instructions, the argument of Mr. Conkling to the jury on behalf of plaintiff, to portions of which objections were made. Following that are set forth a motion for a new trial and one in arrest. But, as said, there are no exceptions saved in the bill of exceptions to overruling either motion.

Neither is the motion to strike out preserved in the bill of exceptions, nor is any call made in the bill for the motion to strike out. Neither are any exceptions preserved to the giving of plaintiff's instructions.

Learned counsel relies on the following propositions to reverse:

(1) There was no evidence tending to show negligence on the part of defendant or any of its employees except of decedent himself.

(2) Decedent's injuries are shown to be the result of accident for which no one was at fault.

(3) Error in admitting evidence showing no administration on the estate of James Kolokas in the city of St. Louis and in permitting one Peter Kolokas to testify that there was no administration in the State of Kansas and in permitting in evidence a certain letter written by one Golmis to defendant's claim agent.

(4) Error in striking out the allegation in the answer that plaintiff and decedent were aliens.

(5) Error in overruling defendant's objections

to plaintiff's instructions one and two and in refusing defendant's instruction seven.

On such record, we observe:

(a)   That the abstract of the bill of exceptions does not show any call for the motion to strike out, nor does the bill show any exception saved to the ruling thereon.   In such condition of the record error assigned in that behalf is not here for consideration. [Laws of 1903, p. 105; Hendricks v. Calloway, 211 Mo. l. c. 556, 559.]

(b)   There was no exception saved at the time to the giving of plaintiff's instructions.   Hence that assignment of error is not here for consideration.

(c)   Again, whether the assignments of error considered in paragraphs *a* and *b* and all other assignments are reviewable depends on whether an exception was properly saved to overruling the motions in arrest and for a new trial.   This is so because the Supreme Court is a court of *last* (not *first*) resort on error.   No litigant may with safety, *nisi,* fasten his eye solely above and lighten his present trial gloom with a ray of hope of success on appeal if he neglect the steps leading up.   An appellant must first not only seek and fail to get relief below but he must save an exception to the action of the court in refusing relief before he is entitled to a review of error here.

Attending to this phase of the case, we must assume the abstract imports verity for appellate purposes.   We find according to the abstract that defendant's bill preserved no exception to the ruling on either motion.   The abstract of the record entries and of the record proper does show an exception saved to overruling the motions, but it must be presumed it was not saved in the only place it could be preserved properly, to-wit, in the bill.   This, because the abstract of the bill was bound to show such exception if one had been taken and saved.   In other words, this abstract is constructed on a plan steadily condemned.

It has been ruled many times that an abstract should
not be constructed by commingling record entries and
record proper with matter of mere exception in an
undistinguishable mass, so that the appellate court is
put to picking and choosing, to sorting out exception
from record entries and record proper—*guess* where
it is to be found and authenticated, and run a hazard
of *guessing wrong*. In Reno v. Fitz Jarrel, 163 Mo.
l. c. 413, it was ruled on the point that this court
"is no place for conjectures." State v. Baty, 166 Mo.
561, was a case of murder in the first degree. The com-
mingling of record entries with the bill of exceptions
so that matter of the one class could not be differentiat-
ed from matter of the other, led this court to affirm
a sentence of ten years in the penitentiary on a con-
viction of murder in the second degree. In that case
it was ruled: "The evidence in this case cannot be
looked into by reason of the fact that the bill of ex-
ceptions has not been properly identified; nothing in
the transcript to show where it begins. There is noth-
ing in the record proper which precedes and identifies
what may be supposed to be the bill." In Clay v.
Union Wholesale Pub. Co., 200 Mo. l. c. 672-3, Fox, J.,
speaking for the court, said: "If this is the bill of
exceptions then it is manifest that appellants have
improperly confounded in such bill matters which
pertain to the record proper with those which should
only be embraced in the bill of exceptions, preserv-
ing the exceptions to the action of the court during
the progress of the trial. . . . So far as this ab-
stract discloses there is nothing to distinguish the
matters of record from those which are purely mat-
ters of exception, and can only be made a part of
the record by filing a duly authenticated bill of ex-
ceptions." In Stark v. Zehnder, 204 Mo. l. c. 448
*et seq.*, VALLIANT, P. J., speaking for this court, said:
"Appellants have filed what they call, 'Abstract in
Lieu of Full Record,' in which is contained the plead-

ings, evidence and several statements as of the rulings and proceedings of the court in the progress of the trial and subsequent thereto, but it is impossible to tell from this abstract whether the alleged rulings and orders of the court appear on the face of the court record proper or are preserved only in the bill of exceptions. . . . The abstract should distinguish between what it intends to say is shown by the record proper and what it intends to say is shown by the bill of exceptions.'' In Gilchrist v. Bryant, 213 Mo. l. c. 443, it was ruled: ''Now, it has always been held that an exception can be preserved for appellate use nowhere else than in a bill of exceptions. Therefore the bill of exceptions should show the exceptions. Therefore the *abstract of the bill of exceptions should show that the bill of exceptions shows the exceptions.''*

The same propositions are asserted in one form or another in many other cases and the reason underlying them is manifest. The reports are full of interpretation and application of our rules of practice, and they should either be abrogated altogether or obeyed as interpreted. Our decisions cannot be ignored, and prosperity result. So, as said through our Brother, Graves, in Harding v. Bedoll, 202 Mo. l. c. 629: ''These rules apply to all persons, all cases and all representatives of clients alike, and must be construed in one case just as they have been or will be in another, irrespective of the case, the parties or their counsel.''

The premises considered, there is nothing here for consideration but the record proper. The petition states a good cause of action. The judgment is in form. It is therefore affirmed. All concur.