HENRY D. LAUGHLIN v. ROLLA WELLS, Receiver of United Railways Company of St. Louis, Appellant.

### Division One, May 24, 1926.

1. **ESTOPPEL: Pleading.** Estoppel is an affirmative defense, and when not pleaded the party desiring to use it as a defense is concluded by his failure to plead it. Where defendant no where in his answer to plaintiff's petition in ejectment avers that by reason of the facts pleaded plaintiff is estopped from setting up his right to possession of the land, and the facts so pleaded do not constitute estoppel *in pais*, he cannot defeat plaintiff's action on the theory of estoppel.

2. ———: **Railroad: Lease: Improvements: Ejectment: Damages.** Where the owner of land leased it, for an annual rental of one dollar, for an indefinite time, to a railroad company, "to be used for the limited purpose of the operation of a trolley line railroad," the lease to be terminated upon the giving of a six months' notice, and such notice was given, the lessor's right to recover in ejectment cannot be defeated on the theory that he stood by and saw the company expend large sums of money in building tracks across the land; on the contrary, where he did not encourage the company to make improvements on the land, he is entitled to the benefit of the terms of the lease, and will not be remitted to damages for unlawful taking or withholding.

3. ———: **Knowledge: Lease.** Equitable estoppel cannot be grounded on facts equally within the knowledge of both parties; and where the owner of land and a railroad company enter into a plain and unambiguous written lease, for the use of the land for the construction of a trolley line railroad thereon, and both act under it, both are equally cognizant of the facts, and the rights of each are to be determined by the terms of the lease.

4.  **EJECTMENT: Lease to Railroad Company: Improvements: Damages.**
No decision of this court adjudges that ejectment will never lie
against a railroad company for land occupied by its tracks or im-
provements. It has only been adjudged that, where the owner has
encouraged the company to make valuable improvements, or has
stood by and acquiesced in the expenditure of large sums of money
by the company in the honest belief that he consented thereto, he
will be denied ejectment, and remitted to damages. Where the
owner of land by written lease leased it for an indefinite time,
for an annual rental of one dollar, to be used for the limited purpose
of the operation of a trolley line railroad, the lease containing
an express provision for forfeiture, and to be "terminated by either
party by giving to the other written notice of his intention to
terminate it six months prior to the thirty-first day of December
in any year," the lessee covenanting that "upon the termination
of this lease it will yield up and deliver to the lessor possession
of the demised premises, having removed therefrom all its railroad
property, its rails, ties, poles and other things, and to leave the
premises in substantially the same conditions they are at the
present time," the lessor, upon giving said notice of termination,
is entitled to judgment in ejectment, and there is no room in the
case for the defense of equitable estoppel.

Corpus Juris-Cyc. References: **Estoppel**, 21 C. J., Section 132, p. 1131,
n. 71; Section 164, p. 1163, n. 96, 99; p. 1164, n. 5 New; Section 248,
p. 1242, n. 92; Section 260, p. 1247, n. 45, 46; Section 269, p. 1252, n. 93.
**Landlord and Tenant**, 35 C. J., Section 565, p. 1224, n. 40.

Appeal from St. Louis County Circuit Court.—*Hon.
G. A. Wurdeman*, Judge.

AFFIRMED.

*Charles W. Bates, T. E. Francis, A. E. L. Gardner*
and *J. F. Evans* for appellant.

Where a portion of the line of a railroad company
used as a link in a continuous line for transportation of
passengers as a common carrier is constructed and op-
erated with the consent and acquiescence of the owner of
the land, ejectment will not lie to oust the railroad com-
pany from the possession of such link in its line of
railroad, but the landowner, in case the land is not paid
for, is remitted to the remedies provided by the law for

the recovery of the value of the land so used. Idalia Realty & Dev. Co. v. Ry. Co., 219 S. W. 923; Kansas City So. Ry. Co. v. Second Street Imp. Co., 256 Mo. 386; Second Street Imp. Co. v. Kansas City So. Ry. Co., 255 Mo. 519; Dodd v. Ry. Co., 108 Mo. 581; Scarritt v. Kansas City So. Ry. Co., 127 Mo. 298; Provolt v. Railroad Co., 57 Mo. 256; Baker v. Railroad Co., 57 Mo. 265.

*Rassieur & Long* for respondent.

(1) Elements of estoppel being absent, ejectment lies against a railroad company, lessee, which promised to vacate a leased right-of-way on proper notice. Such cases are not affected by public interest. Lewis on Eminent Domain (3 Ed.) secs. 927, 929; Walker v. Railroad Co., 57 Mo. 275; Ells v. Railroad, 51 Mo. 200; Green v. Mo. Pac. Ry. Co., 82 Mo. 653; Bradley v. Mo. Pac. Ry. Co., 91 Mo. 493; Armstrong v. St. Louis, 69 Mo. 309; Snyder v. Ry. Co., 112 Mo. 527; Avery v. Railroad Co., 113 Mo. 561; Ruddick v. Ry. Co., 116 Mo. 25; Childs v. Railroad Co., 117 Mo. 414; State v. Eicher, 178 S. W. 171; McCarty v. Clark County, 101 Mo. 179. (2) Estoppel is an affirmative defense and must be pleaded, and when not pleaded the party wishing to set it up is concluded. Avery v. Railroad Co., 113 Mo. 561; Bray v. Marshall, 75 Mo. 327; Noble v. Blount, 77 Mo. 235; Messersmith v. Messersmith, 22 Mo. 372; Central Nat. Bank v. Doran, 109 Mo. 51; Thockmorton v. Pence, 121 Mo. 60; Cockrill v. Hutchinson, 135 Mo. 75; Sanders v. Chartrand, 158 Mo. 361; Turner v. Edmonston, 210 Mo. 428; Grafeman Dairy Co. v. Northwestern Bank, 290 Mo. 311. (3) Where two parties enter into a clear and unambiguous lease, neither of the parties being misled by the other, there can be no estoppel. Grafeman Dairy Co. v. Northwestern Bank, 290 Mo. 311; Bayles v. Perry, 51 Mo. 449.

GRAVES, J.—Action in ejectment for a small triangular tract of ground described as follows:

"Block one (1) of the subdivision in St. Louis County, Missouri, called Sycamore Hills, as said block is laid

down and designated on the plat of said subdivision of record in the office of the Recorder of Deeds for St. Louis County, Missouri, which block is bounded on the north by Lackland Avenue, on the east by Jefferson (now Carter) and on the south by the right-of-way of the United Railways Company of St. Louis, said tract being triangular in shape.''

The petition pleads that defendant is the receiver of the United Railways Company of St. Louis, and was appointed as such by the United States District Court in St. Louis.` It also pleads that on application to such court an order was made permitting them to bring this suit in ejectment. Otherwise the petition is an ordinary petition in ejectment. The amended answer upon which the case was tried is as follows:

''Defendant, for his amended answer, herein states that Rolla Wells was duly appointed receiver of the United Railways Company of St. Louis on, to-wit, the 24th day of April, 1919, by the United States District Court within and for the Eastern Division of the Eastern Judicial District of the State of Missouri, and as such receiver is now and was at all times mentioned in plaintiff's petition in charge of and operating the properties of the United Railways Company in St. Louis.

''Defendant states that the United Railways Company is a corporation duly organized and existing under and by virtue of the laws of the State of Missouri and was formed for the purpose of constructing and maintaining and operating a railroad for public use in the conveyance of persons and property in this State, and as such has for many years last past been engaged in maintaining and operating a railroad upon the western limits of the city of St. Louis westwardly through St. Louis County in this State.

''Defendant further states that it was at the time charged by plaintiff and still is in possession of the real estate described in plaintiff's said petition.

''Defendant, further answering, states that the strip of land described in plaintiff's said petition is occupied

and used by the United Railways Company of St. Louis, a corporation, as a roadbed and right-of-way for its said railroad, and is a part and parcel of said right-of-way over which said defendant and its predecessors' have for many years last past continuously operated its railroad system in the City and County of St. Louis in this State, and since taking possession of said real estate has continued to occupy and use the same as a roadbed and right-of-way for its said railroad and for no other purpose, and has constructed thereon permanent and valuable improvements for said purpose; that said United Railways Company of St. Louis has been for many years past and is now running and operating passenger cars at short intervals daily over said right-of-way.

"Defendant, further answering plaintiff's said petition, denies each and every allegation therein contained.

"Wherefore, defendant having fully answered, prays to be discharged with its costs."

No reply appears in the record, but the cause proceeded as if one had been filed. The judgment, upon trial *nisi*, was in favor of plaintiff for the possession of the property, for $100 damages for the detention of the property, and a fixing of the monthly rents at $15 per month. From this judgment the defendant appeals. The case hinges around a certain lease made by plaintiff to the United Railways Company of St. Louis, and subsequent actions thereunder. This lease reads:

"This Agreement made and entered into on the 9th day of September, 1907, by and between Henry D. Laughlin, of Chicago, Illinois, as Lessor, and the United Railways Company of St. Louis, a corporation owning and operating the street railway system of St. Louis and St. Louis County, as Lessee,

"Witnesseth, for and in consideration of the sum of one dollar to be paid by the Lessee annually on the first day of January of each and every year throughout which this Contract may continue, the Lessor leases unto said Lessee the following described premises laying and being

situate in the County of St. Louis in the State of Missouri, to-wit:

"The whole of Block One (1) of Sycamore Hills, as said block is laid down and designated on the plat of said Subdivision on file in the office of the Recorder of Deeds in and for said county, which block is bounded on the north by Lackland Avenue, on the east by Jefferson, and on the south by the right-of-way of the Lessee, the tract being triangular in shape.

"This lease may be terminated by either party to it by giving to the other written notice of his intention to terminate it six months prior to the thirty-first (31st) day of December in any year, but unless and until terminated it shall continue indefinitely.

"The purposes for which the property may be used are limited to the purposes of the operation of a trolley line railroad; and it is covenanted by the Lessee that upon the termination of this lease it will yield up and deliver to the Lessor, or his legal representative, possession of the demised premises, having removed therefrom all its railroad property, its rails, ties, poles and other things which it agrees to remove prior to delivery of possession, and to leave the premises in substantially the condition they are at the present time.

"In Testimony of which said Lessor has hereunto set his hand and seal and the Lessee has caused the same to be duly executed by its proper officers under its corporate seal.

"All in duplicate."

In the year 1916, the plaintiff served upon the defendant, and the corporation which he represented, the following written notice:

"Chicago, June 16, 1919.
"To the United Railways Co. of St. Louis
and Rolla Wells, its Receiver,

"St. Louis Mo.

"Gentlemen:—

"The Lease from me to you of Block One (1) of the subdivision in St. Louis County called Sycamore Hills,

'as said Block is laid down and designated on the Plat of said Subdivision of Record in the office of the Recorder of Deeds' for St. Louis County, 'which Block is bounded on the north by Lackland Avenue, on the east by Jefferson (now Carter) and on the south by the right-of-way of the Lessee, the tract being triangular in shape,' and bearing date the 9th day of September, 1907, contains the following provision:

" 'This Lease may be terminated by either party to it by giving to the other written notice of his intention to terminate it six months prior to the thirty-first (31st) day of December in any year, but unless or until terminated it shall continue indefinitely.'

"You, and each of you, are hereby notified of my intention to terminate the Lease referred to on the 31st day of December, A. D. 1919; that on that day the term covered by it will end, and that immediately following that date I will require you to 'yield up and deliver' possession of the demised premises to me, and to otherwise comply with the provisions of the Lease relating to the removal of all your railroad property, your rails, ties, poles and other things, and to leave the premises 'in substantially the condition' they were in on said 9th day of September, 1907.

"Respectfully yours,

"HENRY D. LAUGHLIN."

These documents were in evidence. The oral testimony, and its competency, will be left to the opinion. This outlines the case.

I.   Prior to the making of the lease, which we have set out, the plaintiff had deeded to the railway company a thirty-foot right-of-way through his then unplatted property. This right-of-way is owned by the United Railways Company now. The plaintiff, at the time, owned quite a tract of land. The railroad company was building a trolley line of double-track railroad from the city of St. Louis, out into the county for some eight or ten miles to Creve Coeur Lake, in St. Louis County. After plain-

tiff deeded the thirty-foot right-of-way, and after the railroad was constructed, the plaintiff platted a portion of his ground, and the track involved here was and is a part of such platted ground. In order to obviate a rather sharp curve, and thereby enhance the opportunity for greater speed, the railroad sought and secured this lease. Under the oral evidence the plaintiff gave to a son quite a large tract of land to the south of the original right-of-way, and has sold some of his property in the vicinity, but has other property left there. The rental value of the property in dispute was shown to be from $20 per month on up to $25 per month, and by some witnesses even higher. Plaintiff's record title to the property is undisputed. Defendant offered no evidence in the case. Defendant rests upon that line of cases which rule that where a landowner stands by and sees a railroad company expend large amounts in building tracks across his

**Defense.** lands, he will not be heard in ejectment, but will be remitted to damages for the unlawful taking. In other words that he is estopped from maintaining ejectment. This outlines the oral evidence, and the contention of the defendant.

II. We have set up the amended answer of defendant in full, and purposely so. This answer does not plead estoppel by acts *in pais*. If the facts pleaded state any defense, it is one of limitations by possession for long period of years. Defendant nowhere avers that by reason

**Estoppel.** of the facts pleaded in the answer the plaintiff is estopped from his action in ejectment. The words "estoppel" or "estopped" are not found in the answer. Estoppel is an affirmative defense, and when not pleaded (as here) the party desiring (if such was the desire in this case) to set it up is concluded by a failure to plead it. [Avery v. Kansas City & Southern R. R. Co., 113 Mo. 561.] But further, neither the facts pleaded nor proven, show estoppel by acts *in pais*. There is nothing in the evidence which precludes the plaintiff from the benefit of each and every term of the written lease. The

314 Mo. Sup.—31.

railroad company concededly took possession of this property under the terms of the lease and not otherwise. The lease was made to give it the right to make improvements (under the terms of the lease) upon the property, and no act of the plaintiff encouraged it to make the improvements, further than plaintiff's act in granting to the railroad the right to go upon the property under the terms of the lease. On no theory is estoppel in this case. First it is not pleaded, and secondly, even if it had been pleaded, it has not been proven. The lease is not denied. Where parties enter into a plain and unambiguous lease (as is the case here) and both act under it (as here) then both parties are cognizant of the facts, and equitable estoppel cannot be founded upon facts equally within the knowledge of both parties. Otherwise the doctrine of estoppel by acts *in pais* could easily be made an instrument of fraud. [Grafeman Dairy Co. v. Northwestern Bank, 290 Mo. l. c. 333, 336.]

III. We shall not go into much detail of the cases relied upon by the appellant. They are cases where estoppel *in pais* was pleaded and proven. This doctrine is correct and well founded in our case law. We are cited (among a list of others) to the case of Second Street Improvement Co. v. K. C. So. Ry. Co., 255 Mo. 519, with which the writer is familiar, being the author of the opinion therein. But that case turns upon the doctrine of estoppel, which is not in this case. True it is that there was a lease involved in that case, but our disposition of the lease was in this language: ''The facts in this case estop the plaintiff from claiming the land in kind. Giving the lease the full force for which the plaintiff contends, yet the plaintiff for some years after its expiration stood by and saw the defendant use the property, and later permitted it to go to the expense and trouble of condemning lands on the other side of it. These and the other facts in the record heretofore detailed authorized the judgment *nisi*.'' By the judgment below the plaintiff was denied ejectment on the grounds of estoppel.

We affirmed that judgment, and we cited some of the cases relied upon by the defendant (appellant) herein. The doctrine in this case is well enough where the facts bring the case within the rule.

None of these cases go to the extent of holding that ejectment will never lie against a public carrier as to a portion of land occupied by its tracks or other improvements. They are bottomed, as said, upon equitable estoppel, which is not and cannot be in this case.

In Avery v. Kansas City & Southern Railroad Co., 113 Mo. l. c. 565, this court there said:

"Defendant's principal contention is that inasmuch as plaintiff permitted defendant to go on his land and build its road, without objection, he cannot now maintain this action; but that he must resort to an action for the value of the ground taken; or for damages for breach of the conditions of the lease; or to a suit in equity to compel the lessee to comply with its terms; and cites a large number of authorities to sustain its position.

"In the case of McClellan v. Railroad, 103 Mo. 296, cited by appellant's counsel in his brief, it is said: 'Ejectment will not lie on the part of a landowner against a railroad company for a strip of land occupied as a right-of-way, where he has by deed, acquiescence or license, induced the company to build its road on his land and to make permanent and costly improvements thereon, and this is true although the company has failed to comply with a condition subsequent as to erection of fences and cattle-guards and the like, contained in the deed from the owner to the company.' Such is the law as declared by this court in the cases of Baker v. Railroad, 57 Mo. 265; Bradley v. Railroad, 91 Mo. 493; Provolt v. Railroad, 57 Mo. 256. In the case of McClellan v. Railroad, supra, the condition was contained in the deed, and was that the railroad company was to construct two cattle passes under their track on the premises at such points as should be selected by the grantor. To the same effect is the case of Baker v. Railroad, supra.

"In the case of Hubbard v. Railroad, 63 Mo. 70, the deed provided that a depot should be erected at a certain point. In the case of Kanaga v. Railroad, 76 Mo. 207, the road was built by and with the knowledge and consent of the plaintiff, and the court rightly held that he could not stand by and encourage the building of the road at large expense, see the work going on, and afterwards maintain ejectment for the ground taken by it for the roadbed and right of way. See also Railroad v. Soltweddle, 36 American & English Railroad Cases, 579 to 581.

"All of these are cases where the entry of the railroad company was first unlawful and afterwards submitted to without objection by the landowner, so as to imply a license on his part, or by deed with conditions subsequent and without any condition of forfeiture contained therein.

"In a case where there is a license the landowner cannot take advantage of his own wrong by standing by in silence and seeing expensive and useful improvements being made, and after the work is completed maintain ejectment for the ground so taken. He would be estopped by his silence, acquiescence and want of action. But it will be observed that the case at bar is based on an entirely different state of facts. Here the land was taken under and by authority of the lease read in evidence, which expressly provides for the payment by the lessee, under whom defendant occupies the ground sued for, a sum to amount to at least $100 for each and every year during the continuance of the lease, commencing from its date, which was December 21, 1882, and that any failure to pay the full sum shall be considered a forfeiture of the lease and that it shall be null and void. No rent was paid after the year 1888, for more than two years before this suit was begun. The condition for the payment of the rent annually was a condition subsequent, and, for failure to pay the rent as agreed, the lease was forfeited and a right of action accrued to the plaintiff for possession of the ground sued for.

"That the defendant might have paid the rent and been relieved from the forfeiture it is true; but it did not offer to do so, but defends the suit on the ground that plaintiff cannot maintain this action.

"In the case of Horton v. Railroad, 12 Abbott's New Cases, 30, the court held that in a lease a provision for its termination at the election of the lessor upon default in payment of rent, although in the form of a mere stipulation or contract, is still a condition, since it provides for ending the term and forfeiture of the estate in case of default, and that upon breach of the condition eject-ment might be maintained by the lessor for the premises, although no right of entry was expressly reserved in the lease. [Kent's Commentaries (8 Ed.) p. 127.]

"There was no waiver of the condition of the lease by plaintiff for condition broken or on any other ac-count. He can maintain this action without entry or de-mand of possession. The commencement of the suit was all that the law required. [Ellis v. Kyger, 90 Mo. 606; O'Brien v. Wagner, 94 Mo. 96.] It seems upon both prin-ciple and authority that the action may be maintained under the facts as they exist in this case.

"No estoppel was pleaded by defendant, which must be done when estoppel *in pais* is relied on as a defense, in cases where pleadings are required. [Bray v. Marshall, 75 Mo. 327; Noble v. Blount, 77 Mo. 235; Messersmith v. Messersmith, 22 Mo. 372.]

"It follows from the views herein expressed that the judgment must be affirmed."

This case is one of a long line of cases. It is the case upon which the learned judge *nisi* found for plain-tiff in written memorandum filed, and in the record here. In the lease before us there is an express provision for a forfeiture or termination thereof by either party. And the lessee made a further covenant therein to this effect:

"And it is covenanted by the Lessee that upon the termination of this lease it will yield up and deliver to the Lessor, or his legal representative, possession of the demised premises, having removed therefrom all its rail-

road property, its rails, ties, poles and other things which it agrees to remove prior to delivery of possession, and to leave the premises in substantially the condition they are at the present time.''

Either party could terminate the lease by giving written notice of intention so to do six months prior to the 31st day of December in any year. This notice was given by the plaintiff, and the lease properly terminated. It would violate every principle of law and logic to hold that defendant, for the corporation, can evade the express covenant that we have set out, supra. Defendant is the lessee and cannot deny the title of his lessor, and the lessor having the undisputed legal title, and the right to the possession after the termination of the lease, is entitled to the possession of that which belongs to him.

The judgment is affirmed. All concur.