HATTIE McCOMBS, APPELLANT, v. JOHN BOWEN, RESPONDENT.—73 S. W. (2d) 300.

Kansas City Court of Appeals. April 30, 1934.

*O. H. Swearingen* and *Dan Johnson* for appellant.

*Ross E. Feaster* and *Elmer D. Silvers* for respondent.

BLAND, J.—This is an action for wrongful death. There was a verdict and judgment in favor of plaintiff in the sum of $5,000. In due time defendant filed a motion for a new trial. The motion set forth, among other things, that the court erred in giving plaintiff's Instructions 1 and 2. At a subsequent term the court sustained the motion on the ground that he erred in giving said instructions. Plaintiff has appealed.

The action is brought by the widow. The petition alleges that defendant, John Bowen, was the owner and operator of a coal mine in Henry County; that he employed plaintiff's husband to dig and mine coal therein; that defendant failed to provide a good and sufficient amount of ventilation for the men employed in the mine; that her husband was compelled, as defendant's employee, to work

for seven months in said mine without sufficient air and without the ventilation required by law; that because thereof plaintiff's husband was poisoned, made ill and sick; that he died of said illness and poison caused by said insufficient ventilation and insufficient air in the mine; that the illness, sickness and poison of her husband was an occupational disease and did not come within the provisions of the Workmen's Compensation Act.

The answer, in effect, admits all of the allegations of the petition, save that it denies that plaintiff's husband died from an occupational disease contracted while in the employ of the defendant, alleges that he died of lobar pneumonia and denies that the air condition in the mine, in any way, contributed to said disease.

Plaintiff does not abstract any of the testimony but the bill of exceptions in reference thereto merely states that each party introduced evidence supporting his respective allegations. Respondent has printed an additional abstract of the record which recites that there was one witness who testified that he and plaintiff's husband ''went down on the creek fishing the latter part of March, about ten days before deceased died, maybe a week before he took down sick.''

Plaintiff's instructions numbered 1 and 2 read as follows:

''The court instructs the jury that if they find and believe from the evidence that the defendant, John Bowen, failed and refused to furnish a good and sufficient amount of ventilation at all times in the mine mentioned in the evidence, and that as a proximate result of said failure, if you so find, Jess McCombs was made sick and poisoned, and that said sickness and poison, if you so find, contributed to his death, then your verdict will be in favor of the plaintiff and against John Bowen, and you will assess her damages in such sum, not exceeding $10,000, as you find from the evidence she has sustained, or will sustain, as a necessary result, of the death, if any, of her husband, Jess McCombs.''

''The court instructs the jury that negligence may be the proximate cause of an injury of which it is not the sole or immediate cause, and if you find from the evidence that defendant, John Bowen, was negligent in failing to furnish sufficient ventilation in said mine at all time, if you so find, during the period Jess McCombs was employed therein, and that the said negligence of John Bowen concurred with some other cause or causes in bringing about and causing the death of plaintiff's husband, the defendant's negligence would be the proximate cause of Jess McCombs' death within the meaning of that term as used in these instructions.''

It is insisted by plaintiff that the court erred in granting a new trial because there was no exception taken to the actions of the court in giving the instructions. Defendant insists that it is not necessary that the record show an exception to the giving of an instruction where the court sustains the motion for a new trial on account of the

giving of the same. We think that this contention must be sustained. The rule in reference to a situation of this kind is stated by the St. Louis Court of Appeals in Noren v. Am. School of Osteopathy, 2 S. W. (2d) 215, 219, as follows:

"It is only where the appellate court seeks to sustain the grant of a new trial *on some ground not specified by the lower court* (the reason given by the latter having been- found insufficient) that it is precluded from considering such other reason, unless an exception was saved by the complaining party at the time of the adverse ruling. Otherwise stated, in order that the respondent on appeal may have the benefit of errors assigned in his motion for a new trial, *but not designated by the trial court as grounds for sustaining the motion,* the record must show that the respondent duly excepted at the time to the rulings on which he predicates his assignments of error. Consequently, so far as concerns the giving of instruction No. 1 for plaintiff, and the refusal of instruction No. 5, requested by defendant, we are not only at liberty, but it is our duty, to review the propriety of the order granting the new trial, even though there were no exceptions saved, inasmuch as the court pointedly placed its ruling upon such grounds." [See, also, Owens v. K. C. C. C. & St. Jos. Ry. Co., 201 S. W. 548, 550.]

If the court had the power to sustain the motion at the same term at which it was filed he had the same power at a subsequent term to which the motion was continued. [Arnold v. Arnold, 222 S. W. 996.] In fact the concurring opinion by Judge Blair in the Owens case shows that the motion for a new trial was sustained at a subsequent term to which it was filed.

We have examined the cases cited by plaintiff and find them not in point. The case of Wilkinson v. Lieberman et al., 37 S. W. (2d) 533, was a suit in ejectment. One of the defenses set up in the answer was based upon facts which it was claimed showed estoppel. Plaintiffs requested a peremptory instruction in their favor, which was refused and plaintiffs excepted to the action of the court in regard to the matter. The only issue submitted to the jury was that of estoppel and plaintiffs did not object or except to the giving of the instruction submitting the same. The motion for a new trial was granted on the ground that "there is no evidence to support the defense of estoppel." The Supreme Court ruled that there was no evidence of estoppel and that the lower court properly granted the new trial for that reason, stating, l. c. 535: "In granting the new trial, the trial court, in effect, ruled that plaintiffs' peremptory instruction should have been given, and that the court erred in submitting the defense of estoppel under the evidence." This was the only *ruling* of the appellate court in reference to the matter. However, the court stated, l. c. 535:

"Appellants say that, since respondents did not object and except

to the instruction given by the court of its own motion submitting the defense of estoppel, they thereby acquiesced in the instruction as a correct statement of the law under the testimony and are bound by the verdict rendered on the issue so submitted. Had there been sufficient evidence to require and justify the submission of the case on the theory of estoppel, and the court erroneously stated the law thereof in the instruction, the trial court would not have been warranted in granting a new trial on the ground that the instruction was erroneous, since respondents failed to object and except thereto at the time. Or, if the trial court had refused a new trial and plaintiffs (respondents) had appealed, the instruction could not be considered and objections thereto and the giving thereof reviewed in this court.''

It is quite apparent that the court did not decide anything in that part of the opinion from which we have just quoted. We think that the court was in error in therein stating that the lower court could not have granted a new trial on the ground that the instruction was erroneous because the respondents had not excepted to the action of the court in giving the instruction, but there is nothing objectionable in the statement of the court that, had respondents appealed, the points made against the instruction could not have been considered without exception having been made on their part.

We think there is no question but that the court erred in giving these instructions. Regardless as to whether the instruction should have submitted the question that deceased's illness resulted from an occupational disease, it should have submitted whether defendant's negligence was the proximate cause of his death.

Whatever may be the rule in other states, a reading of the following cases will show that the question of the proximate cause of the death was not properly submitted. [Hof v. Transit Co., 213 Mo. 445; Moon v. Transit Co., 247 Mo. 227; Krehmeyer v. Transit Co., 220 Mo. 639.]

However, it is insisted that the instructions use the language of the statute under which the cause is brought (see Sections 13630 and 13671), and, likewise, the language of the answer. Section 13671 creates a cause of action ''in case of loss of life by reason of'' a violation of the mining statute. The instructions are not in the words of the statute, and no case is cited by plaintiff sustaining her contention that had they been the instructions would have been proper. [Francis v. City of West Plains, 226 S. W. 969.] The allegations of the answer did not authorize the submission of these matters in the language used in the instructions.

Defendant submitted these issues in his instructions. It is claimed that defendant's instructions cured the error, if any, in plaintiff's instructions. Plaintiff's instructions purported to cover the entire case and directed a verdict. Therefore, they could not be cured by

defendant's instructions, at least as to the question of proximate cause. [State ex rel. v. Ellison, 272 Mo. 571.] The judgment is affirmed. All concur.