BEST & CO., INC., and GARCIT REALTY CORPORATION, Respondents, v. INCORPORATED VILLAGE OF GARDEN CITY, CHARLES G. REINHART, JR., as Mayor of Said Incorporated Village of Garden City, and GEORGE A. YOUNG and Others, as Trustees of Said Incorporated Village of Garden City, Together Constituting the Village Board of Said Incorporated Village of Garden City, GEORGE L. HUBBELL, JR., as Attorney for Said Incorporated Village of Garden City, and EUGENE R. COURTNEY, as Clerk of Said Incorporated Village of Garden City, Appellants. — Defendants appeal from a judgment declaring that plaintiffs may lawfully use a vacant plot adjoining the premises of plaintiff Best & Co., Inc., for the free parking of its automobiles and those of its customers, and enjoining defendants from interfering therewith. Section 901 of the Village Ordinances requires that public parking places, except when under or controlled by the village, shall not be conducted unless approved by the board of zoning appeals. Plaintiff Best & Co., Inc., wishes to conduct a parking space, seventy by ninety-five feet, adjacent to important streets and alongside of its business building, for the purpose of temporary storage of the cars of its customers. Temporary permits have been granted to plaintiff Best & Co., Inc. The board of zoning appeals has refused to give its approval for permanent use. The language of the ordinance indicates it was not intended to cover municipally conducted parking places. It is conceded it was intended to cover parking places, a fee to enter which is charged. Entrance conditioned on a money charge and one limited to a condition of being a customer are quite similar. This parking place is a public parking place, although privately owned and its use limited to customers of plaintiff Best & Co., Inc. It is public, because it is affected by a public interest, just as much as a theatre, a dance hall and the like. (Village Law, § 89, subd. 52.) There will be an assembly of cars containing gasoline which in the aggregate will be considerable, presenting a fire hazard; there will be entrance and exit over the sidewalk, endangering pedestrians; the entrance and exit must be to and from public streets, which will involve traffic regulation. The ordinance does not prevent the use of private property. It was enacted for the purpose of reasonable regulation. Section 701, subdivision 9, of the ordinances, as amended, is void as to plaintiffs. It was passed after they expended money on their improvement. When the application was denied, plaintiffs should have obtained an order of certiorari, and on the facts here presented it is very likely the court would have afforded relief. Undoubtedly, if plaintiffs renew the application a permit will be granted. The board has graciously kept the door open for such an application, as the denial was without prejudice. The complaint does not state facts sufficient to constitute a cause of action, and, therefore,

must be dismissed and without costs. Judgment reversed on the law, without costs, and the complaint dismissed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Young and Adel, JJ., concur; Davis and Johnston, JJ., dissent and vote to affirm, in memorandum. The question is whether the village ordinances apply to the parking space of plaintiff Garcit Realty Corporation maintained on its own private property for use of the customers or guests of plaintiff Best & Co., Inc., without charge. The Garcit corporation is a wholly owned subsidiary of Best & Co., Inc. We do not deem its use a public one, and so the village authorities seem to have considered other similar places in connection with hotels, schools and the like. Very likely the village may properly regulate the use of this property in respect to traffic and other safety precautions; but may not forbid its use arbitrarily by requiring a permit, and denying applications therefor. The right to use the place became vested before the ordinance was amended. The acts of the village authorities indicate a studied hostility to the attempts of plaintiffs to relieve congestion in street parking by furnishing a convenient place off the street for the automobiles of the customers of plaintiff Best & Co., Inc., without requiring fee. Settle order on notice.