In the Matter of the Application of BOARDWALK & SEASHORE CORP., Petitioner, against HARRIS M. MURDOCK, Chairman, BERNARD A. SAVAGE and Others, Constituting the Board of Standards and Appeals of the City of New York, Respondents.*

Supreme Court, Special Term, Queens County, August 17, 1940.

* Affd., 261 App. Div. 913.

*Levy, Gutman & Goldberg* [*William Gold* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*James Hurley* of counsel], for the respondents.

CUFF, J. Motion by petitioner for an order sustaining the order of certiorari granted herein. The situation presented here is the same as that found in *Best & Co., Inc.,* v. *Incorporated Village of Garden City* (247 App. Div. 893; affd., 273 N. Y. 564). It is true that the above action was decided against petitioner. That was due to its choice of remedies and even with respect to that two members of the court dissented, sustaining petitioner's view. The court clearly holds (dicta, but helpful and timely suggestion) that a zoning regulation adopted after a use has been commenced is without effect against that user. (See, also, *Matter of Dubow* v. *Ross,* 175 Misc. 219.) The use of real property should be held immune from prohibiting regulation enacted after the use has been indulged in. Property owners should be able to rely in the use of their holdings on the zoning regulations as they read when a particular use is undertaken. Otherwise investors will be rendered uncertain as to their rights; expansion, improvement and progress will be stifled; property will be forfeited without due process of law in violation of the Constitution; chaos in the handling of real property will be the inevitable result. Equity and justice demand that vested rights of property holders be held sacred. The claim that originally petitioner failed to comply with the regulation then existing by obtaining a certificate of occupancy and for that reason it cannot now urge a continued use beginning prior to enactment of

the ordinance in question, or in other words cannot assert the claim of " vested rights," may not be sustained. Petitioner has enjoyed the present use since February, 1925, continuously and without challenge of any kind from respondents, the city of New York, any property owner or other person. The use has been open, notorious and by reason of its inaction with the tacit consent of the city of New York. It is also apparent that an application for such permission made in those early days would have received favorable attention by the authorities then having jurisdiction over such matters. No valid objection could have been raised to its issuance. Under the circumstances respondents must be estopped from setting up that technical irregularity which is wholly lacking in substance.

*People* v. *Wolfe* (272 N. Y. 608) and *People* v. *Kesbec, Inc.* (281 id. 785), have no application. In those instances the defendants failed to comply with the law and a penalty in the criminal courts was visited upon them. In those cases the property owners flouted the regulatory provisions by conducting a parking business without conforming to the duly enacted ordinance of the city of New York. They acted in that way no doubt because they were of the opinion that the regulatory provision had no application to them because they had maintained their parking business prior to the enactment of the ordinance. They sought to defend themselves in the Magistrates' Court on that ground. They were convicted of prosecuting a parking business without having a permit. They were guilty of that charge. Because of their vested rights, I assume that they could not have been prevented by ordinance from conducting their chosen business, but the existence of those vested rights was no excuse for not applying for the permit which the ordinance required all parking establishments to obtain. If the authorities refused them the permit, a certiorari proceeding in which they could have set up their vested rights would have been the proper step. In the case at bar petitioner has sought to avoid the error of those defendants (Wolfe and Kesbec) and has moved before the proper tribunal to compel the issuance of the permit which will authorize the use of the property as a parking space. That is the orderly procedure to follow. Merely because one has a right to use his land in a certain way gives that person no right to use it without conforming to a proper regulation requiring, we will say, obtaining a permit.

The order of certiorari is sustained.