In the Matter of MAX BRAUN et al., Petitioners, against EUGENE F. McGILLIAN, as Commissioner of Health of the City of Yonkers, N. Y., Respondent.

Supreme Court, Westchester County, February 15, 1943.

*Albert C. Jordan* for petitioners.

*Paul L. Bleakley, Corporation Counsel,* for respondent.

WITSCHIEF, J. The City of Yonkers Building Zone Ordinance became effective August 15, 1928. By it the premises 50 River-

dale Avenue were included in a Commercial "C" District restricted to certain prescribed uses which did not include the slaughter and sale of poultry, and expressly excluded use of the premises for such purpose except on approval of the Board of Appeals (§ 9). The Ordinance provided that any use of the premises existing at the time of its passage might be continued upon obtaining a certificate of occupancy if applied for within one year after passage of the Ordinance (§ 11). Another Ordinance, No. 26 of the year 1927, required a permit to slaughter and sell poultry. It is undisputed that the approval of the Board of Appeals was never sought or obtained, that a certificate of occupancy was never sought or obtained, and that permits to slaughter and sell poultry on the premises were nevertheless issued in each of the years from 1934 to 1940, inclusive. It is alleged in the petition and denied by the answer that the premises 50 Riverdale Avenue had been used since about 1920 as a kosher butcher store where live chickens were sold and slaughtered, and that such business was continued until the latter part of 1941 when a mortgage was foreclosed and the property was purchased by the mortgagee. From sometime in 1941, the petitioners say the fall of 1941, and the respondent says May 1, 1941, the premises were vacant, except that for about a month they were used for the holding of a rummage sale. Petitioners purchased the property in July, 1942. It is undisputed that about July or August, 1942, petitioners made application for a permit to conduct a kosher market at the premises, were required to make alterations in the property, and on August 18, 1942, a permit was issued to them. It is alleged in the petition and denied in the answer that the alterations were made as required and at an expense of about $1,500. The permit was revoked September 9, 1942, because the approval of the Board of Appeals had not been first obtained. It thus appears that there are issues of fact raised which preclude a peremptory order of mandamus, and the sole question presented is whether an alternative order should be allowed. Assuming that on the effective date of the Zoning Ordinance the premises were being used for the slaughter and sale of poultry, it is clear that such use might be continued notwithstanding the prohibition of the Zoning Ordinance (§ 9) against such continuance except on approval of the Board of Appeals. The provision of the Zoning Ordinance, requiring application for a certificate of occupancy describing the element of nonconforming use, was a reasonable regulation of the right to continue a nonconforming use. It determined and defined the nonconforming use at a time when

the facts were readily ascertainable. If the facts warranted it, the certificate of occupancy could not be refused. If the facts were in dispute, that was the time to have it judicially determined what the true facts were. (*Village of Mill Neck* v. *Nolan,* 233 App. Div. 248, affd. 259 N. Y. 596.) The permit issued to petitioners was not revoked because of the failure to secure a certificate of occupancy, but because the approval of the Board of Appeals had not been obtained. The approval of the Board of Appeals was not necessary if the premises were being used for the slaughter and sale of poultry when the Zoning Ordinance was adopted. The right to continue such use could not be subjected to the requirement that the Board of Appeals approve. For at least eight years annual permits to conduct a kosher market on the premises were granted by the respondent, and in 1942 a permit was issued to petitioners after they had expended about $1,500 to meet the requirements of the respondent. It seems a little late now for the respondent to assert either that a certificate of occupancy was not obtained or that the approval of the Board of Appeals was not sought. (*Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 175 Misc. 208, affd. 261 App. Div. 913, affd. 286 N. Y. 494.) The facts as to the claimed abandonment of the nonconforming use are in dispute. A vacancy of three years has been held not to constitute an abandonment. (*Landay* v. *MacWilliams,* 173 Md. 460; see, also, *Darien* v. *Webb.* 115 Conn. 581; 1 C. J. S., Abandonment, §§ 3, 7; *Campbell* v. *Board of Adjustment,* 118 N. J. L. 116.) If, then, the premises 50 Riverdale Avenue were being used on and prior to August 15, 1928, as a kosher market, and such use has not been abandoned, the right of petitioners to an order of mandamus seems to be established. There being issues of fact upon both propositions an alternative order is allowed.