Robert 0. Brink, J.
This is a motion pursuant to CPLR 3212 in which the plaintiff, Town of Binghamton, moves for a summary judgment in an action seeking to enjoin the defendants from maintaining and/or occupying a trailer on defendants’ land.
The complaint alleges two causes of action. The first alleges that the defendants have not obtained a building permit or a certificate of occupancy as required by subdivisions B and C of section 902 of the Zoning Ordinance of the Town of Binghamton. The second cause of action alleges that section 306 of the Zoning Ordinance prohibits the use of land in R-2 Districts for erection or occupancy of trailers except in accordance with certain rules not applicable in the instant case.
Defendants, in their answer raise three affirmative defenses. The first alleges that the Zoning Ordinances are contrary to the New York and United ¡States 'Constitutions. The second alleges that the Zoning Ordinances are not reasonable and fair and diligent in regulating the use of defendants’ property and are ‘1 usurious ’ ’ in nature and contrary to the property rights of defendants. The third affirmative defense alleges that the structure placed on defendants’ land is permanently placed upon the property with a permanent foundation.
Plaintiff’s affidavits indicate that the Zoning Ordinance of the Town of Binghamton was duly adopted and that no building permit was issued, nor was such permit sought prior to the discovery of the alleged trailer on the defendants’ lot. The defendants’ affidavits raise no issue as to the proper passage of the ordinance nor do they deny that no building permit nor certificate of occupancy was granted or sought prior to placing the structure on the property. The certification by the Town Clerk that the ordinance was duly passed is presumptive evidence of adoption, publication and posting, and must be taken as established in the absence of a question of fact as to its proper passage being raised by defendants. (Town Law, § 134.)
*50 • Section 902 of article IX of the Town Zoning Ordinance provides:
B. “No structure shall be erected, structurally altered, moved or demolished, until a Building Permit shall be issued by the Administrative Officer.
0. “No land shall be occupied or used and no building hereafter erected, structurally altered or extended shall be used or changed in use until a Permit for Occupancy shall have been issued by the Administrative Officer, stating that the building or proposed use thereof complies with the provisions of this Ordinance.”
■ Section 905 of the ordinance titled Remedies, states: “ In "case • any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained, or any building, structure or land is used in violation of this Ordinance, or any regulations made pursuant thereto, in addition to other remedies provided by law, any appropriate action or proceeding, by legal process, may be instituted or taken to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct or abate such violation, or to prevent the occupancy of said building, structure or land or to prevent any illegal act, conduct, business or use in or about such premises.”
The ordinance specifically provides for the remedy herein sought by the plaintiff. (See, also, Town Law, § 135.) Many cases have held that it is illegal for a property owner to proceed with any of the acts for which such permits are required without having procured them. (People v. Dennis, 206 Misc. 402 [Suffolk County Court, 1954]; People v. Lederle, 206 Misc. 244, affd. 285 App. Div. 974, affd. 309 N. Y. 866 [1955]; Matter of Boardwalk & Seashore Corp. v. Murdock, 175 Misc. 208, affd. 261 App. Div. 913, mot. for rearg. den. 261 App. Div. 972, affd. 286 N. Y. 494 [1941].)
Further, the defense concerning the constitutionality of the ordinance, referred to in the defendants’ affidavits, may not be considered by the court at this time. In People v. Calvar Corp. (286 N. Y. 419, 421-422) the Court of Appeals said:
“ There has been no such deprivation iintil there has been application for a permit and unreasonable refusal, and a statute does not violate the Constitution where it does not deprive an owner unreasonably of his property if the statute is properly administered in accordance with its terms. (Dowsey v. Village of Kensington, 257 N. Y. 221.)
“Perhaps there has already been application and denial in this case, but that does not appear from the record and the *51 appellants are not asking here a review of any determination by the Board of Appeals denying such an application. Only in proceedings brought to review such a determination, if made, could the court review the action of the Board, or determine whether the ordinance has been administered in manner so unreasonable that enforcement would constitute an unlawful taking of the defendants’ property.”
The objections to the ordinance raised by the defendants in their affidavits restrict their attack on the ordinance’s validity to their particular property. They do not assert the unconstitutionality of the ordinance to the entire district or locality in which their property lies. Therefore, it is incumbent upon the defendants to adhere to the provisions of the ordinance prior to attacking its validity. (Town of Cortlandt v. McNally, 282 App. Div. 1072 [2d Dept., 1953].)
To require that the provisions of the ordinance be adhered to prior to an attack on the ordinance’s effect on a particular piece of property is sound practice. If the plans presented with the application for a building permit, required by subdivision B of section 902 of the ordinance, comply with the ordinance, and the permit is granted, the question of an unconstitutional application of the ordinance to the defendants’ land would not have to be determined. If the permit were sought in an appropriate fashion, the denial of the permit could then be contested by appropriate legal procedure to determine if the administrative officer had acted arbitrarily or unreasonably in denying the application. In the instant case, the defendants’ papers do not indicate that an appropriate application for a building permit was sought. The papers merely indicate discussions with employees of the Town of Binghamton subsequent to the trailer being placed on the land.
The defendants in their papers deny that the structure on their property is a trailer. However, assuming it is a trailer, the defendants have failed to comply with the Zoning Ordinance’s provisions respecting trailers. (§ 306, subd. D.) This would be grounds for granting the remedy herein sought. But, since the defendants insist, in their papers, that the structure is something other than a trailer, they must comply with the Zoning Ordinance by obtaining a permit.
The plaintiff’s motion for summary judgment is granted. However, in the interests of justice, the injunctive relief requested will be stayed for a period of 30 days from the service upon the defendants of an order pursuant to this decision during which time the defendants may apply for the appropriate permits. Upon failure to make proper application within such time, *52 to obtain such permits the defendants shall bo enjoined from maintaining and occupying the alleged trailer. In the event that the permits are denied, the defendants have leave to move for a stay of the injunction provided they bring and show a meritorious cause of action based upon the denial of such permits.