Kenneth O. BROWN, Building Commissioner of City of St. Louis, Plaintiff-Appellant,

v.

The BOARD OF ADJUSTMENT et al., Defendants-Respondents.

No. 33771.

St. Louis Court of Appeals, Missouri.

April 27, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied May 25, 1971.

Application to Transfer Denied Sept. 13, 1971.

Robert W. Van Dillen, City Counselor, Robert C. McNicholas, Edward M. Peek, Asst. City Counselors, St. Louis, for plaintiff-appellant.

Alvin A. Wolff, St. Louis, for defendant-respondent, Mexican Inn Chili Products Co.

WEIER, Commissioner.

The central issue here involves the extent of authority of the Board of Adjustment of the City of St. Louis to grant a variance from the requirements of the zoning code of that city. Generally, it is the contention of the plaintiff-appellant, building commissioner, that the board's action in granting the variance was contrary to the overwhelming weight of the competent and substantial evidence submitted to it and that its decision in effect amended the zoning code, which is actually a legislative function.

The property, about which this controversy has arisen, is located at 5967 Natural Bridge Road, in the City of St. Louis. The lot is 30 feet wide by 120 feet deep. On the front half of the lot and fronting on Natural Bridge is a masonry one-story building 15 feet in width erected next to the east line of the lot. About 40 feet north of the front line the present building extends west to occupy the full 30 foot width of the lot and then continues north the width of the lot for about 20 feet.

Thus constructed, it forms an "L", with the base to the north and top to the south. The new addition, for which a permit was sought and denied by the building commissioner, was to occupy the vacant area within the arm of the "L", with approximate dimensions of 15 feet by 40 feet.

The existing building was occupied and owned by Mexican Inn Chili Products Company, which in turn was owned by Mr. Herman L. Gittelman, its president. He and his son directed the operation of a small food processing business that employed six people. Mr. Gittelman explained that they sold only two products and sales were confined to institutions, restaurants and some supermarkets. The additional room was required so the business operation might comply with new state and federal government health regulations. These required that there be separate areas for cooking and cooling food. Cooling and freezing equipment would be installed in the area to be constructed, with the cooking operation to be retained in the original building. A new floor and new ceiling were to be installed in the present structure, along with expanded sanitary facilities. The front would be remodeled to improve the appearance from the street.

Lots on both sides of Natural Bridge Road in this block were zoned "F" Local Business. This permitted the establishment and operation of certain retail businesses but did not allow manufacturing, the category in which defendant company's operation placed it. A chicken-fry franchise business operated next to defendant company on the corner. But since it sold to retail trade, it was not in violation of the ordinance. Defendant company had commenced operation at this location in 1940 before the zoning ordinance was passed. It thus established a non-conforming use which was later challenged by the building commissioner after the adoption of the code. Upon appeal, however, the Board of Adjustment granted a non-conforming use permit in 1956. Now the building commissioner has refused to grant a building per-

mit for the addition because it would be an enlargement and structural alteration of a building with a non-conforming use. As will be more fully understood hereafter, this would clearly be in violation of the terms of Section 903.020 of the Revised Code of the City of St. Louis, unless it comes under an exception hereafter referred to in Section 916.050(4) of the code.

From the action of the building commissioner, defendant company appealed to the Board of Adjustment seeking a variance from strict application of the zoning requirements. Authority for such relief was sought under the provisions of Section 916.050(4) of the Revised Code of St. Louis, which provides that the board of adjustment is empowered:

"(4) In passing upon appeals, where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the zoning code, to vary or modify the application of any of the regulations or provisions of such code relating to the use, construction or alteration of buildings or structures or the use of land so that the spirit of the code shall be observed, public safety and welfare secured and substantial justice done."

After hearing the evidence, the Board of Adjustment, by unanimous vote, reversed the building commissioner on the ground that the strict application of the zoning code would work a hardship in the use of the small portion of the land involved; that the addition would not enlarge the useful life of the building; and a denial would deprive the owner of the use of this land. Upon certiorari to the circuit court, the order of the board was affirmed.

From the unfavorable judgment of the circuit court, the building commissioner has brought his appeal. His position is essentially that under the zoning ordinance, Section 903.020, no building may be enlarged or structure altered, unless, by so doing, the premises are brought into conformity with the zoning regulations of the district where it is located; and that the board of adjustment exceeded the powers granted to it under Section 916.050(4), set out above, because, by granting the variance, they ignored the zoning section, 903.-020, and thereby usurped the legislative function which can only be exercised by the board of aldermen. It is further urged that there was no evidence upon which the board of adjustment could have determined that the addition would not enlarge the useful life of the building, thereby perpetuating a non-conforming use.

We believe the building commissioner's position is untenable, in that it attempts to impose an intepretation on Section 916.-050(4) of the Revised Code of St. Louis as to the authority and power of the board of adjustment contrary to its terms and contrary to an interpretation and application given it by the Supreme Court of Missouri in Rosedale-Skinker Improvement Association v. Board of Adjustment, Mo., 425 S. W.2d 929. In this case the board had allowed a variance to a utility company to add 10 feet to the height of an addition to a building over the height of 50 feet allowed by the code. The board found that this modification was justified because of a practical difficulty and unnecessary hardship: in this case, the additional height being needed to house special equipment, which, if eliminated, would cause hardship and cost to the public. When the original building and the additions thereto were constructed, the use of a total height of 60 feet was within the zoning requirements; but since 1950 the applicable ordinance limited height to 50 feet. Thus, a prior non-conforming height was to be incorporated in a new structure, contrary to the exact terms of the code. The court, nevertheless, held the board of adjustment had authority to act when it found from the facts that a hardship or difficulty arose from the application of the code to the use, construction or alteration of buildings and structures, as well as the use of the land involved. In effect, this overruled a previous yardstick of measure set forth in Brown v. Beuc, Mo.App., 384 S. W.2d 845, 853, wherein our court said that

the hardship or difficulty must be due to conditions not personal to the owner, but rather to conditions inherent in the land, such as topography, dimensions, or shape of the property.

■ Under the rule of *Rosedale*, supra, by reason of authority contained in both the enabling statute passed by the legislature, Section 89.090, subd. 1(3), RSMo 1969, V.A.M.S., and Section 916.050(4), supra, of the Revised Code of St. Louis (both of which are substantially the same) the board of adjustment may pass upon appeals where there are "practical difficulties or unnecessary hardships" in the application of the strict letter of the code. It may vary or modify application of the code relating either to the use, construction or alteration of buildings and structures or to use of the land. "There is no all-inclusive definition of what constitutes a sufficient showing of practical difficulty and undue hardship to warrant granting a variance; whether such difficulties or hardships exist is a question of fact as to which the Board of Adjustment is accorded a discretion to be exercised within the guidelines of the zoning legislation." (Rosedale-Skinker Improvement Association v. Board of Adjustment, supra, Mo., 425 S.W.2d 929, l. c. 933). The narrow question there presented concerned a variance of 10 feet in the height of an addition to a building. It was there determined to be a matter for submission to the board of adjustment because of practical difficulty and unnecessary hardship. As this decision points out, the issue of whether a variance should be granted must depend on the facts and circumstances of each case. The scope of judicial review to be given a decision of the board of adjustment is limited to a determination of whether the ruling is authorized by law and is supported by competent and substantial evidence. Article 5, Section 22, Constitution of Missouri, 1945, V.A.M.S.; Rosedale-Skinker Improvement Association v. Board of Adjustment, supra, Mo., 425 S.W.2d 929, 937.

■ In the case at bar, the question must be resolved on evidence concerning the construction of an addition to a building. It was clear that the additional structure would be for a non-conforming use which is contrary to the zoning ordinance. It also appeared that such use would not cause a problem in the area where it was located but would rather be a physical and sanitary improvement to the property in question and for the benefit of the neighborhood. The non-conforming use of the lot had previously been allowed by the board because the lot had been subjected to that use before the passing of the zoning code. There was no expansion beyond the narrow confines of the lot. Furthermore, unless the addition was constructed and the changes made, new requirements imposed by health regulations of state and federal governments would compel the owner to cease further operation of its business in the structure as it existed. In effect, the sovereign was compelling a change which a deputy of the sovereign prohibited. From these facts there existed substantial and competent evidence from which the board could determine that a variance or modification of the zoning code was warranted to avoid a "practical difficulty or unnecessary hardship" and that the grant of the variance was authorized by law.

■ As to the finding that "the addition will not enlarge the useful life of the building", we do not find this requirement in the terms of the code or in any authority cited. But, assuming for argument that plaintiff's contention that such a finding is necessary in order that "the spirit of the code shall be observed"; the testimony of the architect that the existing building would remain the same; that the structure of the existing building would not be altered; that the building will stay as it is; that the building will be there, with the addition or without the addition; was substantial evidence that the useful life of the building would not in itself be enlarged or lengthened by constructing the addition or

848

by making necessary internal improvements in the original building.

The decision of the board of adjustment accomplished the purposes of Section 916.-050(4) of the code, in that it observed "the spirit of the code", secured "public safety and welfare", and did "substantial justice".

The judgment of the circuit court sustaining the board's decision is affirmed.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

DOWD and WOLFE, JJ., concur.

BRADY, P. J., not participating.