William H. LICHTE et al.,
Plaintiffs-Respondents,

v.

Walter F. HEIDLAGE et al.,
Defendants-Appellants.

No. KCD 27184.

Missouri Court of Appeals,
Kansas City District.

May 3, 1976.

J. Turner Jones, George D. Nichols, Jones, Knight & Ford, Columbia, for defendants-appellants, Walter F. Heidlage and Sarah Heidlage.

Robert L. Roper, Jr., Rhonda Thomas, Columbia, for defendants-appellants, Arlene Ghiron, John Epple, Jr., Victor N. Lambeth, Marjorie J. Pinkerton, Tom Atkins, individually and in their capacity as members of the Board of Adjustment of the City of Columbia, Missouri, Raymond A. Beck, individually and as Director of the Department of Public Works of the City of Columbia, Missouri, and the City of Columbia, Missouri, a Municipal Corporation.

Raymond C. Lewis, Jr., Dale C. Doerhoff, Smith, Lewis & Rogers, Columbia, for respondents.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

This case involves an appeal from a judgment rendered by the Circuit Court of

Boone County, Missouri, in a certiorari proceeding reviewing a decision of the Board of Adjustment of the City of Columbia, Missouri. Generically speaking, it is a zoning case involving a confrontation between property owners seeking to preserve the integrity of a single family residential area and property owners claiming a nonconforming use.

The Board of Adjustment, at the conclusion of a hearing conducted pursuant to Section 89.090, RSMo 1969, held that Walter F. Heidlage and Sarah Heidlage, appellant property owners, were entitled to operate a mobile home park on a six acre tract of land owned by them within the corporate limits of the City of Columbia, Missouri, which was permanently zoned for single family residential use. Its decision apparently rested on the proposition that appellant property owners, on the theory of a nonconforming use, had the right to maintain and operate the mobile home park on the six acre tract. The circuit court entered judgment holding the decision of the Board of Adjustment to be "illegal" because appellant property owners had failed to comply with Section 19.400(4) of the Ordinances of the City of Columbia, to-wit: "(4) CERTIFICATE OF OCCUPANCY FOR A NON–CONFORMING USE: A certificate of occupancy shall be required for all non-conforming uses. Application for certificate of occupancy for non-conforming uses shall be filed within twelve (12) months from the effective date of this article, accompanied by affidavits of proof that such non-conforming use was not established in violation of this article."

Counsel on both sides have made a prodigious effort to advance their respective positions on appeal. Nevertheless, this court concludes that expounding on all the issues raised is unnecessary in order to dispose of the case.

▇ Before outlining certain explicative facts, this court acknowledges that the scope of judicial review of the decision of the Board of Adjustment is tightly circumscribed. Judicial review of the Board of Adjustment's decision, at both the circuit and appellate levels, is limited to determining whether said decision was (1) authorized by law and (2) supported by competent and substantial evidence upon the whole record. Mo.Const. Art. V, Sec. 22; *Rosedale-Skinker Improvement Assn. v. Board of Adjustment*, 425 S.W.2d 929, 936 (Mo. banc 1968); *Stockwell v. Board of Zoning Adjust. of Kansas City*, 434 S.W.2d 785, 789 (Mo.App. 1968), and *Brown v. Board of Adjustment*, 469 S.W.2d 844, 847 (Mo.App.1971).

Turning now to certain facts deemed controlling, the record discloses that the six acre tract around which this controversy swirls was purchased by the Heidlages in 1957. When purchased, it was outside the corporate limits of the City of Columbia. However, in October of 1969 the six acre tract was part of a larger tract which was annexed and brought into the corporate limits of the City of Columbia. On June 1, 1970, the six acre tract was permanently zoned R–1 (single family residential). Prior to annexation, and at all times subsequent thereto, it stands undisputed that the six acre tract contained a single family dwelling occupied by the Heidlages as their personal residence and, in addition, they maintained "four rental trailers" thereon. Continuation of the "four rental trailers" by the Heidlages is not disputed. In sharp dispute, however, is the right of the Heidlages to operate a mobile home park consisting of seven additional trailer sites on the six acre tract.

Subsequent to annexation of the six acre tract, employees from the office of the Director of Public Works of the City of Columbia, with respect to the newly annexed area, "surveyed uses to the best of [their] ability and then did issue occupancy permits based on useage of lands and buildings at the time of annexation." Accordingly, what was designated a Certificate of Occupancy, same bearing the date of March 16, 1970, was issued to the Heidlages. The referred to Certificate of Occupancy was a printed form containing blank spaces which were to be completed in response to certain printed queries therein contained. The

blank spaces were filled in by a building inspector after making a survey of the six acre tract as heretofore described, and the Certificate of Occupancy was issued to the Heidlages under his signature. In the blank space following the printed query "Exact Description", the building inspector wrote in "4-trailers . . . 15 x 34 workshop . . . Survey made for additional trailers". In the blank space following the printed query "Present Use", the building inspector wrote in "Single family Resd". Insofar as here pertinent, the following was also printed at the bottom of the referred to Certificate of Occupancy, "The above occupancy or use thereof is hereby authorized." and "NOTICE: This use must not be changed to any other use without a new certificate of occupancy from the Public Works Department, nor enlarged, altered nor reconstructed contrary to the Zoning Ordinance."

The trial court obviously concluded that the only "use" referred to in or authorized by the premature Certificate of Occupancy was for single family residential purposes. Such being the case, the referred to Certificate of Occupancy issued to the Heidlages did not authorize them to use the six acre tract for a mobile home park. In view of Section 19.400(4) of the Ordinances of the City of Columbia, supra, it was incumbent upon the Heidlages to timely secure a Certificate of Occupancy for any nonconforming use claimed by them and this they failed to do. Consequently the trial court properly held that the Heidlages' failure to timely apply for and obtain a Certificate of Occupancy to use the six acre tract for purposes of a mobile home park as a nonconforming use, as required by Section 19.-400(4) of the Ordinances of the City of Columbia, supra, rendered the decision of the Board of Adjustment "illegal" because it subverted the positive requirement of the ordinance.

Appellants have not questioned the validity of Section 19.400(4) of the Ordinances of the City of Columbia, supra. Therefore, this court expressly refrains from passing judgment on its validity and, for the limited purpose of this appeal, applies the ordinance as written. Parenthetically, however, the legal propriety of a similar ordinance provision was discussed in *Braun v. McGillian*, 180 Misc. 711, 40 N.Y.S.2d 791 (Sup.Ct.1943). Therein, the court (l. c. 792) held: "The provision of the zoning ordinance requiring application for a certificate of occupancy describing the element of nonconforming use was a reasonable regulation of the right to continue a nonconforming use. It determined and defined the nonconforming use at a time when the facts were readily ascertainable. If the facts warranted it, the certificate of occupancy could not be refused. If the facts were in dispute, that was the time to have it judicially determined what the true facts were."

Evidence bearing upon the Heidlages' claim of a nonconforming use of the six acre tract for purposes of a mobile home park at the time the zoning ordinance became effective (June 1, 1970) was in sharp dispute. By their own admission, two-thirds of the expenses which they claim were expended in development of the controversial mobile home park on the six acre tract were incurred subsequent to the date the tract was zoned for single family residential use. Moreover, the nature and purpose to be served by improvements made prior to the effective zoning date were fraught with controversy. Chronologically, introduction of this controversial and disputed evidence did not occur until June 12, 1973, the date the Board of Adjustment held its hearing. Thus, as noted in *Braun v. McGillian*, supra, one of the basic purposes justifying the enactment of ordinances comparable to Section 19.400(4) of the Ordinance of the City of Columbia, supra, was substantially undercut. In *City of Monett, Barry County v. Buchanan*, 411 S.W.2d 108, 116 (Mo.1967) the court noted that "one of the primary purposes of zoning is to strictly limit and eventually eliminate all nonconforming uses." The ordinance section relied on by the trial court was geared to effectuate exactly that purpose.

The Heidlages, although refusing to concede that they failed to comply with Section

19.400(4) of the Ordinances of the City of Columbia, supra, contend, notwithstanding noncompliance therewith, that the judgment rendered by the trial court should be reversed because the City of Columbia, and the surrounding property owners who initiated the certiorari proceeding, are both "estopped" to deny their right to maintain a mobile home park on the six acre tract. The Heidlages attempt to validate their theory of estoppel by claiming "reliance" upon "statements and assurances" made to them by officials of the City of Columbia and surrounding property owners. In order to put this contention in proper perspective, it appears both appropriate and helpful to spell out the alignment of the various parties. The surrounding property owners and a subdivision improvement association were plaintiffs in the certiorari proceeding below, and the Heidlages, the individual members of the Board of Adjustment of the City of Columbia, the Director of the Department of Public Works of the City of Columbia, and the City of Columbia, a municipal corporation, were defendants. On appeal, defendants below are the appellants and plaintiffs below are the respondents. The City of Columbia, contrary to the Heidlages' present contention, did not deny them the right to maintain a mobile home park on the six acre tract. Exactly the opposite occurred since the Board of Adjustment ruled that they could do so. The theory of estoppel urged by the Heidlages is more correctly expressed as follows: Statements and assurances by officials of the City of Columbia may be relied upon to estop the surrounding property owners from asserting the illegality of the decision handed down by the Board of Adjustment, as well as statements and assurances by the surrounding property owners themselves. The bifurcated theory of estoppel advanced by the Heidlages will hereinafter be discussed in the sense mentioned.

■ Can statements and assurances, concededly made by officials of the City of Columbia to the Heidlages, constitute a basis for holding that the surrounding property owners are estopped to assert the "illegality" of the Board of Adjustment's decision? Although the legal issue posed by this question has never been specifically addressed at the appellate level in this state, in a limited number of instances in other jurisdictions encountering substantially the same question, the courts facing the question have consistently ruled directly opposite to the position taken by the Heidlages. *Board of Public Utilities v. New Orleans Ry. & Light Co.*, 145 La. 308, 82 So. 280, 285 (1919); *Wright v. De Fatta*, 129 So.2d 614, 619 (La.App.1961); *Boyd v. Donelon*, 193 So.2d 291, 297 (La.App.1966), and *Frankel v. C. Burwell, Inc.*, 94 N.J.Super. 53, 226 A.2d 748, 752 (1967). Although the cases just cited do not elucidate the underlying legal rationale for holding that the conduct of city officials cannot form a basis for estopping the assertion of rights by aggrieved private parties, they are nevertheless predicated upon sound logic. Estoppel is rooted in equitable principles and it would be unconscionable to hold that aggrieved private parties could be prejudiced by the conduct of city officials with whom they were not in privity. Any other result would violate the concept of privity inherent in the doctrine of estoppel.

■ The record fails to support the remaining aspect of the Heidlages' bifurcated theory of estoppel. At the hearing before the Board of Adjustment, counsel for the Heidlages stated, as a matter of record, that assurances made by officials of the City of Columbia to his clients that they could proceed with contemplated plans to construct a mobile home park on the six acre tract constituted the basis for their theory of estoppel. Moreover, Walter Heidlage's testimony disclosed that he relied solely on assurances made by officials of the City of Columbia with respect to his contemplated and partially executed plan to construct a mobile home park. The record fails to disclose any affirmative conduct on the part of the surrounding property owners to support the claimed estoppel. Nor does the record support a finding that the surrounding property owners tacitly stood by and allowed the Heidlages to proceed with their controversial plans for a mobile home park after acquisition of actual

knowledge thereof. The record does, however, clearly disclose that the surrounding property owners opposed the activities engaged in by the Heidlages with respect to the proposed mobile home park as soon as they acquired actual knowledge of what was taking place. As stated in 31 C.J.S. Estoppel § 97, p. 513, with reference to application of the doctrine of estoppel in corresponding property matters, "[t]here can be no estoppel where there is nothing to charge the party sought to be estopped with actual knowledge of the improvements, and an estoppel will not arise where the party claiming the estoppel has not relied on the other's conduct." Like principles infuse the general doctrine of estoppel prevailing in this state. *Wilkinson v. Lieberman*, 327 Mo. 420, 37 S.W.2d 533, 536 (1931), and *Delta Realty Co. v. Hunter*, 347 Mo. 1108, 152 S.W.2d 45 (1941).

After carefully reviewing the record this court concludes that the decision rendered by the Board of Adjustment of the City of Columbia was illegal and, accordingly, the judgment entered by the Circuit Court of Boone County, Missouri, reversing said decision is affirmed.

Judgment affirmed.

All concur.